|   |   |
|---|---|
| 1  **UNITED STATES DISTRICT COURT** | |
| 2  **DISTRICT OF NEVADA** | |
| 3  KIMBERLY TERESE ASKEW, | Case No.: 2:18-cv-02026-APG-BNW |
| 4  Plaintiff | **Order Granting in Part Defendants' Motion to Dismiss** |
| 5  v. | [ECF No. 6] |
| 6  CLARK COUNTY, NEVADA, et al., | |
| 7  Defendants | |

Plaintiff Kimberly Askew sues Clark County, Clark County Animal Control, and several Clark County officials for seizing her 18 rescue dogs. Most of the dogs were returned to her, but six were adopted out to other individuals. Askew filed an 86-page complaint asserting 57 claims, including separate counts for searches of her house and her vehicle, separate counts for the seizure of each of the dogs, separate counts for procedural due process violations related to each of the dogs, and separate state law conversion counts for each of the dogs.

Defendants Clark County, Clark County Animal Control, and Jason Allswang move to dismiss, arguing that Clark County Animal Control is not a suable entity. They also argue the complaint does not comply with Federal Rule of Civil Procedure 8 because it is not a short and plain statement of Askew's claims. Specifically, the defendants argue the complaint is needlessly verbose and redundant because it cuts and pastes the same allegations as to each dog instead of grouping them by type of claim. The defendants assert that Askew should assert only one claim for the search of both her house and vehicle, one claim for seizure of all of the dogs, one procedural due process claim for all of the dogs, and one conversion claim for all of the dogs. Defendants Tiffany Bonnell, Stephanie Clevinger, Sandra Southwell, and The Animal Foundation join in the motion. ECF Nos. 8, 11, 14. The Animal Foundation raises an additional

argument in its joinder that because the statutes authorizing it to care and find homes for animals are presumed constitutional, amendment would be futile.

Askew responds by conceding that Clark County Animal Control is not a proper defendant. ECF No. 19 at 2.  Askew also concedes that her due process allegations should be collapsed into a single claim. *Id.*  However, she contends she is entitled to bring separate counts for the search of her house and the search of her vehicle, as well as separate counts for the seizure and conversion of each of her dogs.

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Typically, "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008).  But that does not mean that a complaint "may be of unlimited length and opacity." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  "While the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Id.* at 1059 (quotation omitted).

Askew concedes Clark County Animal Control is not a proper defendant, so I grant the defendants' motion to dismiss Clark County Animal Control.  Askew concedes her due process claims should be brought as a single claim, so I grant the defendants' motion to dismiss so that Askew may replead her due process claims as a single count for all of the dogs.

I also grant the defendants' motion as to the claims for seizure and conversion of each dog.  The complaint is needlessly lengthy by setting forth identical allegations 36 times (18 each for seizure and conversion) with the only difference in each count being the name of the dog at

issue. Listing all of the dogs in a single claim does not eliminate Askew's ability to prevail as to each dog. It simply eliminates needless length and redundancy in the pleading.

However, I deny the defendants' motion as to the claims for search of the residence and search of the vehicle. Although the searches happened on the same day and in the same series of events, they were separate searches potentially subject to different standards in terms of the reasonableness of the search. Additionally, separating out the two searches does not create the same kind of length and redundancy as the counts setting forth identical allegations for each of the 18 dogs.

Finally, I deny The Animal Foundation's one-paragraph suggestion that amendment would be futile merely because the relevant statutes are presumed to be constitutional. Were that the case, no complaint challenging the constitutionality of a statute could ever survive dismissal.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 6) is GRANTED in part**.

IT IS FURTHER ORDERED that plaintiff Kimberly Askew may file an amended complaint on or before October 21, 2019 that no omits Clark County Animal Control as a defendant and that groups her claims by (1) search of the house, (2) search of the vehicle, (3) due process listing all dogs in the same count; (4) seizure listing all dogs in the same count; and (5) conversion listing all dogs in the same count.

DATED this 23rd day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE