1  THOMAS D. DILLARD, JR., ESQ.
   Nevada Bar No. 006270
2  STEPHANIE A. BARKER, ESQ.
   Nevada Bar No. 003176
3  OLSON CANNON GORMLEY & STOBERSKI
   9950 West Cheyenne Avenue
4  Las Vegas, NV 89129
   (702) 384-4012 - telephone
5  (702) 383-0701 - facsimile
   Email: tdillard@ocgas.com
6          sbarker@ocgas.com
7  *Attorneys for Defendants Clark County,*
   *Jason Allswang, Stephanie Clevinger, Tiffany Bonnell,*
8      *and The Animal Foundation*

9

                  **UNITED STATES DISTRICT COURT**
10
                       **DISTRICT OF NEVADA**
11

12  KIMBERLY TERESE ASKEW,                      )
                                                )
13              Plaintiff,                       )    CASE NO: 2:18-cv-02026-APG-BNW
                                                )
14  vs.                                          )
                                                )
15  CLARK COUNTY, NEVADA; CHIEF JASON           )    **STIPULATION AND ORDER RE:**
    ALLSWANG, in his individual capacity;       )    **RULE 35 PSYCHOLOGICAL**
16  OFFICER STEPHANIE CLEVINGER, in her          )    **EXAMINATION OF PLAINTIFF**
    individual capacity; OFFICER TIFFANY        )    **AND EXTENSION OF EXPERT**
17  BONNELL, in her individual capacity;         )    **DISCLOSURE DEADLINES**
    DETECTIVE SANDRA SOUTHWELL, in her           )    **ACCORDINGLY**
18  individual capacity; THE ANIMAL             )
    FOUNDATION; and DOES I through XXV,          )
19                                               )
                                                )
20              Defendants.                      )
                                                )
21  _____)

22      IT IS HEREBY STIPULATED AND AGREED, by and between Defendants CLARK

23  COUNTY, JASON ALLSWANG, STEPHANIE CLEVINGER, TIFFANY BONNELL and

24  Defendant THE ANIMAL FOUNDATION (collectively the "CLARK COUNTY DEFENDANTS")

25  through their attorneys THOMAS D. DILLARD, JR., ESQ. and STEPHANIE A. BARKER, ESQ.

26  of the law firm of OLSON CANNON GORMLEY & STOBERSKI, and by Defendant SANDRA

27  SOUTHWELL through her attorney LYSSA S. ANDERSON, ESQ. of the law firm KAEMPFER

28  CROWELL, and by Plaintiff KIMBERLY TERESE ASKEW through her attorney PAOLA M.

                                                                    Page 1 of 4

ARMENI, ESQ., of the law firm CLARK HILL, that an FRCP Rule 35 Examination of Plaintiff KIMBERLY TERESE ASKEW may be conducted as follows:

1.    The Independent Psychological Examination (IPE) will be conducted by Dr. Lewis M. Etcoff, Ph.D., at his offices located at 8475 S. Eastern Avenue, Suite #205, in Las Vegas, NV, 89123.

2.    Plaintiff KIMBERLY TERESE ASKEW, will present herself to Dr. Etcoff's offices for completion of questionnaires and testing on February 11, 2020, commencing at 1:30 p.m., for approximately three hours.

3.    Plaintiff KIMBERLY TERESE ASKEW, will present herself to Dr. Etcoff's offices for examination with Dr. Etcoff on February 18, 2020, from 9:00 a.m. to 5:00 p.m. The examination will encompass the full day, with a lunch break of one hour and fifteen minutes, and several breaks of 10-15 minutes throughout the day, as necessary.

4.    In compliance with FRCP 35(a)(2)(B), the manner, condition, and scope of the examination as described by Dr. Etcoff, will be as set forth in the attached Exhibit "A" – "Scope of a 1 Day Evaluation." This statement is not intended to limit reasonable and relevant questioning by Dr. Etcoff which in his professional judgment is reasonable and necessary to a complete evaluation, depending upon the nature and scope of the information learned during the examination.

5.    The report prepared by Dr. Etcoff in accordance FRCP Rule 35 will be titled as "Report Regarding Rule 35 Examination."

6.    The examination and interview of Plaintiff by Dr. Etcoff will be subject to audio recording as though performed in accordance with Nevada Rule of Civil Procedure 35(a)(3); the recording will be an audio recording only, and as the party requesting the recording, Plaintiff must arrange and pay for the recording and provide a copy of the recording to defense counsel of record for the Clark County Defendants, and to defense counsel of record for Defendant Southwell.

7. Dr. Etcoff will refrain from inquiry into "liability" in this matter as liability determinations call for legal conclusions to be made by the court and/or factual conclusions to be made by the trier of fact.

8. It is the Clark County Defendants' intention to have Dr. Etcoff inquire as to Plaintiff's claim that her recent diagnosis of breast cancer is correlated to this suit. Plaintiff's agreement to allow Dr. Etcoff to do an independent psychological evaluation should not be construed as a waiver of any right to object to any findings and/or opinions of Dr. Etcoff.

9. To accommodate the foregoing February 2020 examination dates, as the next available dates on Dr. Etcoff's calendar, the parties agree that it is appropriate to extend discovery deadlines as to experts only. As to all other issues the discovery deadline will remain on April 7, 2020. As to the expert discovery, the parties stipulate to extend the existing dates by 30 days as follows:

**March 9, 2020**: Initial Expert Disclosure Due

**April 9, 2020**: Rebuttal Expert Disclosure Due

**May 11, 2020**: Expert Discovery Deadline

10. Dr. Etcoff's Rule 35 Report will be produced by the revised Initial Expert Disclosure Due date of March 9, 2020.

///
///
///
///
///
///
///
///
///
///

Upon agreement by and between all the parties, the undersigned respectfully request that this Court Order that a Rule 35 Psychological Examination of Plaintiff KIMBERLY TERESE ASKEW be conducted on the terms and conditions set forth hereinabove, and that the Expert Disclosure Deadlines in this mater be extended as set forth herein.

DATED this 7th day of January, 2020.

CLARK HILL, PLLC

/s/ Paola M. Armeni
PAOLA M. ARMENI, ESQ.
Nevada Bar No. 8357
3800 Howard Hughes Pkwy., Ste. 500
Las Vegas, Nevada 89169
parmeni@clarkhill.com
*Attorneys for Plaintiff*

DATED this 7th day of January, 2020.

KAEMPFER CROWELL

/s/ Lyssa S. Anderson
Lyssa S. Anderson, Esq.
Nevada Bar No. 5781
Ryan W. Daniels, Esq.
Nevada Bar No. 13094
1980 Festival Plaza Drive, Ste. 650
Las Vegas, Nevada 89135
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com
*Attorneys for Defendant Sandra Southwell*

DATED this 7thday of January, 2020.

OLSON CANNON GORMLEY &
STOBERSKI

/s/ Stephanie A. Barker
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
STEPHANIE A. BARKER, ESQ.
Nevada Bar No. 003176
9950 West Cheyenne Avenue
Las Vegas, NV 89129
tdillard@ocgas.com
sbarker@ocgas.com
*Attorneys for Defendants Clark County,*
*Jason Allswang, Stephanie Clevinger,*
*Tiffany Bonnell, and The Animal Foundation*

**IT IS ORDERED that ECF No. 62 is GRANTED. IT IS FURTHER ORDERED that the parties must file a joint status report by January 13, 2020 stating whether ECF Nos. 46 and 47 are now moot.**

IT IS SO ORDERED:

DATED: 1/8/2020

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

# EXHIBIT "A"

# Lewis M. Etcoff, Ph.D., A.B.N.

Nevada Licensed Psychologist No. 129
Diplomate, American Board of Professional Neuropsychology #257
Fellow, National Academy of Neuropsychology
Fellow, The American College of professional Neuropsychology

**PERSONAL INJURY FORENSIC PSYCHOLOGICAL EVALUATION**

### Scope of a 1 Day Evaluation

Forensic psychological examinations in a personal injury context are essentially a pre-post comparison, examining the effects of a particular event on the plaintiff's functioning.

Whether I am retained by Plaintiff's Attorney or Defendant's Attorney, my job is identical – to objectively evaluate whether and to what extent the subject incident caused the plaintiff to experience acute or chronic emotional, cognitive, behavioral, interpersonal, or work-related injuries, i.e., symptoms or problems.

The examining psychologist considers the plaintiff's functioning at five points in time: (1) Prior to the subject incident; (2) on the day of the subject incident and over the next several weeks; (3) from several weeks after the subject incident up to the day of the forensic psychological evaluation; (4) on the day of the forensic psychological evaluation; and (5) into the future (to the extent the future functioning can be validly projected).

To gather valid information regarding the plaintiff's functioning at these five points in time, I employ three distinct information-gathering methods: (1) A several-hour face-to-face interview with the plaintiff; (2) the use of objective psychological tests to measure the plaintiff's symptoms, traits, and characteristics; and (3) the review of case records supplied by the attorney.

The several-hour face-to-face interview affords the plaintiff the opportunity to describe his/her perceptions of the subject incident, the context in which it occurred, and the physical, mental, cognitive, and emotional impairments that may have resulted. The interview also addresses current life stressors that may be responsible for causing or maintaining the plaintiff's current symptoms or impairments in functioning. The interview covers a very broad range of topics, ranging from topics relevant to pre-subject incident history and topics relevant subsequent to the subject incident. The interview enables me to ascertain how substantial and genuine the plaintiff's complaints are and whether the plaintiff's injury claims are proximately caused by the subject incident or whether other non-subject incident factors caused the plaintiff's perceived injuries.

Records I may review prior to interviewing the plaintiff can include traffic accident reports, at-the-scene ambulance records, hospital records, physician/chiropractic/various therapists' records, work records, etc.

One to two weeks before the interview with Dr. Etcoff, the plaintiff will be scheduled to complete two objective psychological tests which measure a variety of psychological and psychiatric symptoms that the plaintiff may be currently experiencing (whether or not these symptoms are wholly, partially, or not at all related to the subject incident). Dr. Etcoff will choose either the Minnesota Multiphasic Personality Inventory – 2 (MMPI-2) or Minnesota Multiphasic Personality Inventory – 2 – Restructured Form (MMPI-2-RF) and one other objective psychological test – the Personality Assessment Inventory (PAI), Millon Clinical Multiaxial Inventory – IV (MCMI-IV), or Battery for Health Improvement – 2 (BHI-2). The choice of which tests is dependent upon the claims made by the plaintiff. All of these tests formulate descriptive statements of the plaintiff's present psychological functioning. To help me determine which test results are accurate, I

review the test results with the plaintiff and ask the plaintiff whether the descriptive statements in the tests are very accurate, somewhat accurate, or inaccurate. I compare the plaintiff's opinions of the descriptive statements to the case records and his/her emotional, behavioral, and cognitive presentation.

The two objective psychological tests can be scheduled by the attorneys from 1:30 a.m. to 5:00 p.m. Monday through Thursday at my office either the week of the psychological interview or the week before the psychological interview. The tests take anywhere from 2½ to 3½ ours to complete. The tests are also available on audiotapes if reading may be difficult for the examinee. The tests are also available on audiotape and in written form in the Spanish language. The plaintiff takes each of the psychological tests alone in a room in my office suite.

The psychological interview begins at 9:00 a.m. I usually provide a 10-minute rest break each hour and a 75-minute lunch break from noon to 1:15 p.m.

During the interview, I most often have an associate (another licensed psychologist in my group who has reviewed the plaintiff's case records) participate in the examinee's interview. Both of us take written notes, which include the questions asked and the answers to each question. On occasion, an examinee will request that the interview be audiotaped. I have no problem with audiotaping the examinee's interview. I would ask that the audiotaping be done professionally and that a copy of each audiotape is given to each attorney, who then may choose to transcribe the interview. If transcribed, each attorney should receive a copy of the interview transcription in order to maintain complete transparency.

I typically dictate the interview and psychological test results over the next several days. The other psychologist involved in the case reviews my dictation to make sure that my report accurately reflects the substance of what was stated in the interview. I typically complete my written report within 10 working days, at which time I mail my report to the attorney who retained me. That attorney is responsible for sending my report to the attorney on the other side of the case.

The attorney who did not retain my services may (and typically does) depose me under oath in order to determine more substantively how I reached my case conclusions. The vast majority of personal injury lawsuits settle without a court trial. If a case does go to trial, I can be subpoenaed to testify at trial as an expert witness by either attorney. The attorney who does not subpoena me to testify retains the right to cross-examine me.

Last but not least, unlike seeing a psychologist for counseling or psychotherapy where all information is private and confidential, in a forensic psychological evaluation none of the information is private or confidential.

Lewis M. Etcoff, Ph.D., ABN
Diplomate, American Board of Professional Neuropsychology
Fellow, National Academy of Neuropsychology

LME/jhs
T: 12/10/19